EJECTMENT.

*Case* 21.

*September* 24.

## Hudgens *et al. vs* Jordan.

ERROR TO THE ANDERSON CIRCUIT.

*Bonds for cost.    Abatement.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

OUR predecessors having decided that the statute requiring non-residents to secure the payment of costs before or when they institute suits in any of the Courts of this Commonwealth, applies to writs of error to this Court, and that an omission to file the required bond before the emanation of a writ of error may be pleaded here in abatement of the writ, the only question remaining open to us, on the plea filed in this case, is whether such a plea is applicable to the fictitious action of ejectment, when the lessor, plaintiff in error, is a non-resident of this State.

Non-resident plaintiff in writ of error prosecuted to this court, in action of ejectment, required as other non-resident plaintiff, to file bonds for costs, if they fail to do so it may be pleaded in abatement of the writ of error.

And although it may be true that a Court of original jurisdiction ought not to permit any person to be made a defendant in an action of ejectment, for the purpose of abating the suit, merely because the lessor was a non-resident and had omitted to file a bond securing the costs to Richard Roe, who could never be entitled to costs, and that the proper course, in such a case, might be only to exact security if required, yet we can perceive no reason for discriminating in this Court between a writ of error by the lessor in an ejectment and the like writ by a plaintiff in any other class of cases.

In the circuit court, when leave is asked to be permitted to defend, that court may, in the exercise of a sound judicial discretion, refuse to permit the person thus admitted to plead in abatement if lessor of plaintiff will then give bond for costs; but in this court where lessor

In the Circuit Court, the party asking leave to defend was not, in form, sued; and when he seeks to come in and defend, the Court, in the exercise of a sound judicial discretion, might refuse to permit him to defend by pleading in abatement the non-execution of a bond for costs, *before he was a party*, if the lessor shall offer to execute sufficient bond for securing costs.

But after a defendant has been entered, and has defended in the Circuit Court, the lessor, by prosecuting a writ of error against him in this Court, sues him here just as a plaintiff in any other form of action would, by the like

writ, sue any other actual party who had obtained a judgment against him in the Court below.

Wherefore, as the plea in this case is technically good and was filed in proper time, it is the judgment of this Court that the writ of error do abate.

*Hewitt and Draffin* for plaintiffs; *Harlan and Cates & Lindsey* for defendant.

prosecutes a writ of error he should give such bond before suing out the writ.